UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


HUSEIN PILIPOVIC,

      Plaintiff,

                                  Case No. 19-12033

v.

                                  Hon. George Caram Steeh

JOHN DOE DRIVER and
CRST INCORPORATED,

      Defendants.
_____/

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS COMPLAINT (ECF No. 3)

Before the court is Defendant CRST Expedited, Inc.'s motion to

dismiss for lack of personal jurisdiction or for improper venue.  The facts

and legal arguments presented in the parties' briefs are sufficient to

adjudicate the motion.  Oral argument would not significantly aid the

decisional process.  Thus, pursuant to E.D. Mich. Local R. 7.1(f)(2), IT IS

ORDERED that the motion be resolved without oral argument.

For the reasons explained below, Defendant's motion is granted.

BACKGROUND FACTS

This action arises from a motor vehicle accident that occurred in West

Memphis, Arkansas.  Plaintiff Husein Pilipovic alleges that a semi-truck

- 1 -

owned by CRST Incorporated[1] and operated by a "John Doe" driver struck the semi-truck that Pilipovic was occupying. Pilipovic is a citizen of Michigan. CRST Expedited is incorporated in Iowa and has its principal place of business in Cedar Rapids, Iowa.

Plaintiff filed this action in Wayne County Circuit Court, alleging negligence against the John Doe driver and owner's liability against CRST Expedited. Defendant removed the action based upon diversity jurisdiction. Defendant seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2), contending that the court lacks personal jurisdiction over it.

<u>LAW AND ANALYSIS</u>

Plaintiff bears the burden of demonstrating that jurisdiction exists and, in the face of a properly supported motion for dismissal, must "set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). Personal jurisdiction can be general, when the defendant has continuous and systematic contact with the forum state, or limited (also known as specific), when the subject matter of the lawsuit is related to the defendant's contacts with the forum

---

[1] Defendant states that its correct name is CRST Expedited, Inc.

state.  *See Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919 (2011).

Plaintiff alleges that the court has general personal jurisdiction over CRST Expedited.  In Michigan, courts have general jurisdiction over a corporation when it incorporates under Michigan laws, consents to be sued in Michigan, or carries on a "continuous and systematic part of its general business within the state."  M.C.L. §  600.711.[2]  For a corporation, the "paradigm forum" for the exercise of general jurisdiction is its place of incorporation or principal place of business.  *Goodyear,* 564 U.S. at 924. The exercise of general jurisdiction over a corporation is appropriate only when its affiliations with the forum state are "so constant and pervasive 'as to render [it] essentially at home.'"  *Daimler AG v. Bauman,* 571 U.S. 117, 122 (2014) (quoting *Goodyear,* 564 U.S. at 919).

CRST Expedited is not incorporated in Michigan and does not consent to suit in Michigan.  Plaintiff argues that it engages in continuous and systematic business in Michigan because it has a 65,000-foot distribution center in Detroit and because it maintains a resident agent for

---

[2] Within the limits of due process, "[f]ederal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons."  *Daimler AG v. Bauman,* 571 U.S. 117, 125 (2014).

service of process.  Plaintiff cites no authority for the proposition that these contacts are sufficient to confer general jurisdiction over CRST Expedited. Merely conducting business in the forum state does not necessarily render a corporation "at home" there.  *See Daimler*, 571 U.S. at 132 ("[A] corporation's 'continuous activity of some sorts within a state is not enough to support the demand that the corporation be amenable to suits unrelated to that activity.'").  Indeed, a "corporation that operates in many places can scarcely be deemed at home in all of them."  *Id.* at 139 n.20.  The Supreme Court has rejected arguments similar to Plaintiff's, finding that conducting business in a state does not suffice for purposes of general jurisdiction. *See Daimler*, 571 U.S. at 123, 137-39 (multiple California facilities insufficient to confer general jurisdiction over out-of-state corporation); *BNSF Ry. Co. v. Tyrrell*, 137 S.Ct. 1549, 1559 (2017) (one facility, miles of railroad track, and 2,100 employees in Montana insufficient to confer general jurisdiction over out-of-state corporation).

In light of this clear precedent, CRST Expedited's contacts are insufficient to render it essentially "at home" in Michigan.  The court lacks personal jurisdiction over CRST Expedited.

The remaining defendant, "John Doe," has neither been identified nor served with the summons and complaint.  Accordingly, this action has not

commenced as to John Doe. *See Bufalino v. Michigan Bell Tel. Co.*, 404

F.2d 1023, 1028 (6th Cir. 1968) ("The action was never commenced as to

the 'Does' because they were not identified nor served with process."); *Cox*

*v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (citing *Bufalino*); *Thames v.*

*City of Westland,* 310 F. Supp.3d 783, 802 (E.D. Mich. 2018) ("Until a

plaintiff amends her complaint to identify a John Doe defendant by his true

name, 'the John Doe allegations in the complaint are mere surplusage.'").

Therefore, the court will dismiss the complaint as to John Doe.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant CRST Expedited's motion

to dismiss (ECF No. 3) is GRANTED and that the complaint is DISMISSED.

Dated:  September 19, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 19, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk